IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SAMANTHA BRYANT**                                                                     **PLAINTIFF**

**V.**                         **CIVIL ACTION NO.**    4:13cv123-SAA

**MISSISSIPPI DIVISION OF MEDICAID AND**
**DEBORAH CARTER WOODS, In her Individual Capacity**
**DEFENDANTS**

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

**COMES NOW**, Plaintiff, SAMANTHA BRYANT, by counsel of record, and files, this, her Complaint against the Defendant, MISSISSIPPI STATE DIVISION OF MEDICAID AND DEBORAH CARTER WOODS, in her Individual Capacity, and would show unto the Court the following:

**JURISDICTION**

1. Jurisdiction is proper in this Court as Plaintiff's claims arise under Title VII of Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq*.

2. This Court has federal jurisdiction under 28 U.S.C. §1331 and civil rights jurisdiction under 28 U.S.C § 1343, for a cause of action arising under the Civil Rights Act of 1964, the First and Fourteenth Amendments of the United States Constitution, and the anti-retaliation provisions of 42 U.S.C § 1981. Plaintiff's claims are also authorized by 42 U.S.C. § 1983.

3. Equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202; 42 U.S.C. §1981 and 42 U.S.C. § 2000e-5(g).

4. Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981 and 2000e-5(g).

5. Costs and attorney's fees are sought and may be awarded pursuant to 42 U.S.C. § 1981

and 2000e-5(k).

## PARTIES

6. Plaintiff, Samantha Bryant (hereinafter "Plaintiff"), is a female, adult resident citizen of Leflore County, Mississippi, who resides at 702 Saint Charles Street, Greenwood, Mississippi 38930.

7. Defendant, Mississippi Division of Medicaid (hereinafter "Division of Medicaid") is an arm of the State of Mississippi and may be served with process by serving a copy of the Summons and Complaint to Mississippi Attorney General Jim Hood at 550 High Street, Jackson, Mississippi 39201 or by serving a copy of the Summons and Complaint to Defendant Deborah Carter Woods, Division Director, at 805 West Park Avenue, Suite 6, Greenwood, Mississippi 38930.

8. Defendant Deborah Carter Woods (hereinafter "Defendant Carter Woods") may be served with process by serving a copy of the Summons and Complaint to her at 805 West Park Avenue, Suite 6, Greenwood, Mississippi 38930.

## FACTS

9. At all times hereinafter mentioned, the Defendants were operating under the color of law as a state agency.

10. Plaintiff became employed with the Mississippi Division of Medicaid on or about May 9, 2005 as a Medicaid Specialist I where she was supervised by Defendant Deborah Carter Woods, Division Director.

11. On or about November 1, 2011, Plaintiff was called to the front office to assist an African American female client because there was a verbal disagreement between the client and Defendant Carter Woods.

12. When Plaintiff reached the front office, Defendant Carter Woods stated to Plaintiff that "You need to come get your client, an old monkey."

13. Later that same day, Plaintiff informed Defendant Carter Woods that her statement was racially offensive.

14. On November 7, 2011, as a result of Defendant Carter Woods' statement and previous consistent behavior of retaliation and making racially discriminatory and threatening statements, Plaintiff hand-delivered a letter to Defendant Carter Woods complaining about her discriminative behavior. **Exhibit "1."** Plaintiff informed Defendant Carter Woods via the letter that she would be engaging in protected activity under Title VII of the Civil Rights Act of 1964. *Id.*

15. Approximately twenty-eight (28) days later, on December 5, 2011, Plaintiff received a hand-delivered "Pre-Termination" letter from Defendant Division of Medicaid stating that she was being cited for three (3) Group III, No. 4 Offenses for "falsification of records, such as, but not limited to, vouchers, reports, time records, leave records, employment applications, or other official State documents." **Exhibit "2."**

16. The alleged Group III, No. 4 Offenses dated back over six (6) years.

17. On February 16, 2012, approximately three (3) months after engaging in protected activity, Plaintiff received a letter from Defendant Division of Medicaid stating that her employment was being "terminated at the close of business Friday, February 17, 2012." **Exhibit "3."**

18. Prior to her termination, Plaintiff received an excellent performance review, earning 2.6 points of a possible 3.0 points. **Exhibit "4."**

19. Plaintiff received 100% accuracy ratings in 4 of 7 evaluation categories and no lower

than 97% accuracy ratings in the remaining three (3) evaluation categories.  **Exhibit "5."**

20. Defendants' proffered reason for terminating Plaintiff is pretext.

21. Plaintiff was replaced by white/Caucasian employees.

22. Despite diligent efforts to secure comparable employment, Plaintiff has been unable to obtain employment and is currently unemployed.

## COUNT ONE

23. Plaintiff incorporates and adopts all preceding paragraphs herein by reference.

24. At all times relevant to the allegations contained herein, Plaintiff was engaging in protected activity under Title VII of the Civil Rights Act of 1964.

25. At all times relevant to the allegations contained herein, Defendants discriminated against Plaintiff for engaging in protected activity under Title VII of the Civil Rights Act of 1964 and for exercising free speech on a matter of public concern.

26. Defendants unlawfully terminated Plaintiff because she opposed practices made unlawful by Title VII of the Civil Rights Act of 1964.  Defendant Division of Medicaid actions violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3. Defendant Carter Woods' actions violated Plaintiff's First Amendment right under 42 U.S.C. § 1983 to be free from retaliation for making complaints of discrimination.

27.  Defendants' proffered reason for Plaintiff's termination is pretext for retaliation. Defendants utilized their policy to create a pretextual reason for termination, concealing their retaliatory motives against Plaintiff for engaging in protected activity.

28. As result of Defendants' acts of retaliation, Plaintiff is entitled to any and all relief as

provided under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C.§§ 1983 and 1981, including but not limited to reinstatement or front pay, back pay, loss of benefits, costs and attorney's fees.

## COUNT TWO

29. Plaintiff incorporates and adopts all preceding paragraphs herein by reference.

30. At all times relevant to the allegations contained herein, Defendants were motivated by intentional discrimination on the basis of Plaintiff's race and terminated Plaintiff on the basis of her race.

31. Plaintiff was a member of the African American race, a protected class, and was qualified for the position of Medicaid Specialist III. Plaintiff was terminated by Defendants and replaced by white/Caucasian employees. Defendant Division of Medicaid actions violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, *et. seq*. Defendant Carter Woods' actions violated Plaintiffs rights under 42 U.S.C. §§1983, 1981 and the Fourteenth Amendment of the United States Constitution.

32. Defendants' proffered reason for Plaintiff's termination is pretext for racial discrimination. Defendants utilized their policy to create a pretextual reason for termination, concealing their racially discriminatory motives against Plaintiff.

33. As result of Defendants' acts of racial discrimination, Plaintiff is entitled to any and all relief as provided under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, 1983, and 1981, and the Fourteenth Amendment, including, but not limited to, reinstatement or front pay, back pay, loss of benefits, costs and attorney's fees.

## COUNT THREE

34. Plaintiff incorporates and adopts all preceding paragraphs herein by reference.

35. Defendant's actions were malicious and in reckless disregard of Plaintiff's rights. As a proximate result, Plaintiff suffered loss of pay, benefits and loss of reputation. Defendants' actions also resulted in undue hardship and embarrassment to the Plaintiff which caused severe emotional distress and mental anguish.

36. Defendants' conduct proximately caused the damages in the nature of emotional distress and mental anguish for which the Plaintiff is entitled to recover as set forth below.

**WHEREFORE PREMISES, CONSIDERED**, Plaintiff prays this Honorable Court assume jurisdiction over these causes, and upon hearing the merits, grant the following relief:

(a) Declare that the employment practices complained of in this Complaint are unlawful and violates Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*. and the First and Fourteenth Amendments of the United States Constitution.

(b) Award Plaintiff a judgment against Defendants for back pay and benefits.

(c) Order that Defendants reinstate Plaintiff into her position as a Medicaid Specialist III or award front pay equal to two years' salary.

(d) Award a judgment against Defendants, jointly and severally, for compensatory damages in the amount of $350,000.00, making her whole for the embarrassment, humiliation, emotional distress and damages arising from the intentional and malicious conduct of the Defendants.

(e) Award a judgment against Defendants, jointly and severally, for punitive damages in the amount of $500,000.00 for malicious conduct and reckless disregard and/or indifference for the rights of Plaintiff to deter like conduct in the future and to make an example of them in order to deter others who are similarly situated from like conduct.

(f) Grant a permanent injunction enjoining the Defendants from instituting and utilizing

their policies to further pretexual agendas in violation of Title VII of the Civil Rights Act of 1974 and the First and Fourteenth Amendments of the Constitution.

    (g) Order the Defendants to pay costs and expenses, including, but not limited to, attorneys' fees pursuant to the relevant provisions of 42 U.S.C. §§ 2000e, 1981, and 1983.

    (h) Award Plaintiff all such other and further relief as may be necessary and proper and to which she is otherwise entitled to pursuant to the provisions of 42 U.S.C. §§ 2000e, 1983, 1981 and the First and Fourteenth Amendments to the United States Constitution.

    (i) Award Plaintiff all such other and further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED**, this the 10th day of July, 2013.

**SAMANTHA BRYANT**

**BY:** */s/ Renetha L. Frieson, Esq.*
      **RENETHA L. FRIESON, ESQ., MBN 103005**
      **Attorney for Plaintiff**

**OF COUNSEL:**

**FRIESON LAW OFFICE, PLLC**
150 North Harvey Street, Suite 217
Post Office Box 1811
Greenville, Mississippi 38702-3118
Telephone: (662) 335-3118
Facsimile: (662) 335-3120
E-mail: rfrieson@friesonlawofficepllc.com