IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SAMANTHA BRYANT                                                                    PLAINTIFF

V.                                                                NO. 4:13-CV-00123-DMB-SAA

MISSISSIPPI DIVISION OF MEDICAID, and
DEBORAH CARTER WOODS,
in Her Individual Capacity                                                        DEFENDANTS

## ORDER DENYING RECONSIDERATION

By order dated July 29, 2014, the Court dismissed Defendant Deborah Carter Woods, in her individual capacity, from this lawsuit based on Plaintiff Samantha Bryant's failure to state a claim against Woods under Title VII, § 1981, and § 1983. Specifically, in granting the Defendants' motion to dismiss, the Court found that: (1) individual employees cannot be held liable under Title VII; (2) Plaintiff abandoned her claim under § 1981; (3) Plaintiff did not state a First Amendment retaliation claim against Woods under § 1983 because she failed to allege causation as to Woods; and (4) Plaintiff did not state a claim against Woods under § 1983 for race discrimination and/or equal protection violation because she failed to allege that Woods singled out a particular group for disparate treatment.

On August 26, 2014, Plaintiff filed the instant motion for reconsideration, challenging the Court's findings and arguing that Woods should not have been dismissed from the case. Woods opposes the motion and argues that it should be denied because Plaintiff fails to establish adequate grounds for reconsideration. Plaintiff's motion has been fully briefed and is ripe for decision. Upon due consideration and for the reasons stated below, Plaintiff's motion is denied.

# I

As a preliminary matter, the Court notes that the Federal Rules of Civil Procedure do not explicitly provide for motions to reconsider a district court's rulings. However, the Fifth Circuit has held that a district court may entertain a motion to reconsider and should treat one as either a motion to "alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991); *Fletcher v. Apfel*, 210 F.3d 510, 511 (5th Cir. 2000). If a motion to reconsider is filed within twenty-eight days after entry of the judgment upon which reconsideration is sought, the motion falls under Rule 59(e); if it is filed after that time, the motion falls under Rule 60(b). *Fletcher,* 210 F.3d at 511; *Towns v. Northeast Miss. Elec. Power Ass'n,* No. 3:09-cv-136-M-A, 2011 WL 3267887, at *1 (N.D. Miss. July 29, 2011). Plaintiff filed the instant motion[1] within twenty-eight days after entry of the order granting Defendants' motion to dismiss; therefore, the Court treats Plaintiff's motion as a Rule 59(e) motion to alter or amend the judgment.

Under Rule 59(e), a court should only reconsider its ruling in a case if there is: (1) new evidence not previously available; (2) an intervening change in controlling law; or (3) a need to prevent manifest injustice. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Molina v. Equistar Chems. LP*, 261 F. App'x 729, 733 (5th Cir. 2008); *Brown v. Miss. Co-op Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004); *Towns,* 2011 WL 3267887, at *1 (citing *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Rule 59(e) motions are "not the

---

[1] Plaintiff filed her motion for reconsideration on August 26, 2014. Mot. [21]. Plaintiff filed her supporting memorandum brief with the motion rather than as a separate document as required by the local rules of this Court. Realizing her mistake, Plaintiff moved for leave to file her memorandum brief separately. Mot. [23]. The Court granted her request for leave, and Plaintiff re-filed her motion for reconsideration separately from her memorandum brief in support of the motion. Order [25]; Mot. [26]. The same arguments are asserted in both motions for reconsideration. *Compare* Mot. [21] *with* Mot. [26] and Pl.'s Mem. Brief [27]. Therefore, the Court deems both motions filed on August 26, 2014.

proper vehicle[s] for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, such motions "are used to 'call[] into question the correctness of a judgment' and are 'properly invoked to correct manifest errors of law or fact or to present newly discovered evidence.'" *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).

## II

Plaintiff does not argue that there is new evidence or that there has been an intervening change in case law. Instead, Plaintiff focuses on what she perceives as manifest injustice. In support of her motion for reconsideration, Plaintiff argues that: (1) she spoke as a private citizen on a matter of public concern in her letter to Woods; (2) the Court applied the wrong standard of review in ruling on the motion to dismiss; (3) she sufficiently pleaded the cat's paw exception such that she stated a valid claim for First Amendment retaliation; (4) the Court should have allowed discovery before ruling on the motion to dismiss; and (5) use of the term "monkey" is an intentional discriminatory term that supports her equal protection claim. The Court will address each of these arguments to determine whether reconsideration is appropriate.

### A

Plaintiff first challenges the Court's findings on the capacity in which she spoke when she sent Woods a letter complaining about discrimination, retaliation, and threatening remarks to which she had allegedly been subjected during her employment with Mississippi Division of Medicaid ("MSDM"). Plaintiff argues that she spoke as a private citizen expressing a matter of public concern rather than as an employee expressing personal grievances when she sent the

letter to Woods, the EEOC, and two attorneys. Pl.'s Mem. Brief [27] at 6-7. Plaintiff contends that her "act of reporting Defendant Wood's [sic] actions out to an independent agency and independent officials was not a part of her official task … and said speech constitutes speech as a citizen protected under the First Amendment." *Id*. at 7.

While Plaintiff argues that the Court found that she spoke as an employee rather than a citizen in her complaint letter, the Court made no such finding in its order. Instead, the Court considered "for purposes of its analysis that Plaintiff spoke to Woods as a citizen rather than an employee[.]" Order [20] at 12. The Court assumed that "because the letter put Woods on notice that Plaintiff intended to contact 'government controlled Civil Rights agencies' and giving such notice was not part of Plaintiff's job responsibilities," she spoke as a citizen. *Id*. at 11. Since the Plaintiff seeks reconsideration on a finding the Court never made, her motion on this issue lacks merit and is denied.

**B**

Plaintiff next argues that the Court did not "accept all of Plaintiff's allegations as true and [] draw all reasonable inferences in Plaintiff's favor" when ruling on the motion to dismiss. Pl.'s Mem. Brief [27] at 4. Plaintiff specifically argues that the Court drew an inference from her letter to Woods in isolation rather than drawing all inferences in her favor from the complaint and letter collectively. *Id*. at 11. The portion of the order upon which Plaintiff bases her argument provides:

> Although, in her letter, Plaintiff states that Woods subjected her to discrimination and retaliation, she does not state in the letter that the alleged conduct was based on race. Therefore, it does not appear that the speech at issue reported racial discrimination.

Order [20] at 11. Plaintiff contends that the Court concluded "in a vacuum" that her speech did not report racial discrimination because the letter to Woods failed to state that the alleged

4

discriminatory conduct was based on race. Pl.'s Mem. Brief [27] at 10. Plaintiff argues that had the Court considered the letter and complaint together, it would have inferred that Plaintiff referred to race in the letter. *Id*. at 11.

Contrary to Plaintiff's argument, the Court is only required to accept all "well-pleaded" facts as true. *See Breton Energy, LLC v. Mariner Energy Res., Inc.*, 764 F.3d 394, 397 (5th Cir. 2014) (quoting *Toy v. Holder*, 714 F.3d 881, 883 (5th Cir. 2013)). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). "However, those facts, 'taken as true, [must] state a claim that is plausible on its face.'" *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012) (citing *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011)).

The Court accepted all well-pleaded facts as true and drew all reasonable inferences in favor of Plaintiff when it ruled on Defendants' motion to dismiss. The specific portion of the order that Plaintiff challenges was not the reason the Court dismissed her retaliation claim. Despite noting that Plaintiff's letter did not appear to report racial discrimination, the Court did not reach the issue of whether Plaintiff's speech in the letter involved a matter of public concern. Thus, Plaintiff's argument that the Court reached a conclusion regarding her speech "in a vacuum," is simply not true. *See* Pl.'s Mem. Brief [27] at 10. Indeed, the Court found that Plaintiff failed to state a claim for First Amendment retaliation because Plaintiff did not allege that Woods made the final decision to terminate her or that an exception applies to hold Woods

liable for the termination.[2] Because the Court applied the proper standard of review to Defendants' motion to dismiss, Plaintiff's request for reconsideration on this ground is denied.

## C

Next, Plaintiff challenges the Court's finding that she failed to allege causation as to Woods to state a claim against her for First Amendment retaliation. Plaintiff argues that she sufficiently pleaded the cat's paw exception such that Woods can be held liable for First Amendment retaliation. Plaintiff also argues that the proximity in time between her complaint letter and her termination support causation as to Woods, and the Court should have denied Defendants' motion to dismiss with respect to this claim.

In finding that Plaintiff failed to state a claim against Woods for retaliation, the Court adhered to Fifth Circuit precedent which provides that "only final decision-makers may be held liable for First Amendment retaliation employment discrimination under § 1983." *Johnson v. Louisiana*, 369 F.3d 826, 831 (5th Cir. 2004). Typically, statements and/or actions of "ordinary employees or co-workers" are not imputed to an employer. *DePree v. Saunders*, 588 F.3d 282, 288 (5th Cir. 2009) (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 306 (5th Cir. 1996)). However, "when the person conducting the final review serves as the 'cat's paw' of those who were acting from retaliatory motives, the causal link between the protected activity and adverse employment action remains intact." *Gee v. Principi,* 289 F.3d 342, 346 (5th Cir. 2002). In *DePree v. Saunders*, the Fifth Circuit appeared to recognize that individuals exerting influence over a final decision-maker may be held liable for First Amendment retaliation under the cat's paw exception. 588 F.3d at 288-89. To do so, however, the individual must exert influence over the decision-maker "in such a way as to co-opt [the] decision making." *Id*. at 288.

---

[2] *See* Order [20] at 12 ("[E]ven if Plaintiff's speech involved a matter of public concern and her interest in speaking outweighed that of the defendants, Plaintiff nevertheless fails to state a § 1983 First Amendment retaliation claim against Woods because Woods was not a final decision-maker") (internal footnote omitted).

Although Plaintiff claims she sufficiently pleaded the cat's paw exception, the current pleadings do not reflect that. In the facts section of the Complaint, Plaintiff alleges:

> 11. On or about November 1, 2011, Plaintiff was called to the front office to assist an African American female client because there was a verbal disagreement between the client and Defendant Carter Woods.
> 12. When Plaintiff reached the front office, Defendant Carter Woods stated to Plaintiff that "You need to come get your client, an old monkey."
> 13. Later that same day, Plaintiff informed Defendant Carter Woods that her statement was racially offensive.
> 14. On November 7, 2011, as a result of Defendant Carter Woods' statement and previous consistent behavior of retaliation and making racially discriminatory and threatening statements, Plaintiff hand-delivered a letter to Defendant Carter Woods complaining about her discriminative behavior. Exhibit "1." Plaintiff informed Defendant Carter Woods via the letter that she would be engaging in protected activity ….
> 15. Approximately twenty-eight (28) days later, on December 5, 2011, Plaintiff received a hand-delivered "Pre-Termination" letter from Defendant Division of Medicaid stating that she was being cited for three (3) Group III, No. 4 Offenses[.]
> …
> 17. On February 16, 2012, approximately three (3) months after engaging in protected activity, Plaintiff received a letter from Defendant Division of Medicaid stating that her employment was being "terminated at the close of business Friday, February 17, 2012."

Compl. [1] at 2-3. Under Count One of the Complaint, Plaintiff states:

> 25. At all times relevant to the allegations contained herein, Defendants discriminated against Plaintiff for engaging in protected activity under Title VII of the Civil Rights Act of 1964 and for exercising free speech on a matter of public concern.
> 26. Defendants unlawfully terminated Plaintiff because she opposed practices made unlawful by Title VII…. Defendant Division of Medicaid actions [sic] violated Plaintiff's rights under Title VII …. Defendant Carter Woods' actions violated Plaintiff's First Amendment right under 42 U.S.C. § 1983 to be free from retaliation for making complaints of discrimination.
> 27. Defendants' proffered reason for Plaintiff's termination is pretext for retaliation.

*Id*. at 4.

Based on the language in the complaint, it does not appear that Woods made the final decision to terminate Plaintiff or that Woods exerted influence or had leverage over the final

7

decision-maker. According to the complaint, Woods began treating Plaintiff adversely after Plaintiff told her that referring to a client as "an old monkey" was racially offensive. Also from the complaint, Plaintiff received a disciplinary letter from MSDM four weeks after she sent Woods a letter complaining about her alleged discriminatory conduct. MSDM sent Plaintiff the pre-termination and termination letters, not Woods. *See* Doc. [1-2][1-3]. Thus, it appears an MSDM official other than Woods was the final decision-maker with regard to the termination. Plaintiff does not allege anywhere in the complaint that Woods was responsible for the termination. As such, the Court properly concluded that Plaintiff failed to allege causation as to Woods and, therefore, failed to state a claim against Woods under § 1983 for First Amendment retaliation.[3] The request for reconsideration on this issue is denied.

**D**

Plaintiff also argues that the Court erred by not allowing discovery before ruling on the motion to dismiss. Plaintiff argues that she "needed discovery to further development [sic] her argument regarding Defendant Woods' racial, discriminatory intent and her role in the 'cat's paw' exception." Pl.'s Mem. Brief. [27] at 16. She contends that Defendants' motion was premature because discovery has not been conducted regarding the qualified immunity defense. For these reasons, Plaintiff requests that the Court reconsider its ruling and allow discovery to proceed so that she can develop her case against Woods.

Although Plaintiff argues that the Court prematurely ruled on the motion to dismiss, she does not show what discovery could have revealed to allow her to defeat Defendants' motion. *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987) (finding that courts may preclude discovery

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

where nothing that the party seeking discovery "could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion"). Rule 12(b)(6) motions test the sufficiency of the complaint and do not include consideration of evidentiary materials outside the pleadings. *See Ferrer v. Chevron Corp.,* 484 F.3d 776, 782 (5th Cir. 2007) (stating that "a 12(b)(6) inquiry focuses on the allegations in the pleadings, not whether a plaintiff actually has sufficient evidence to succeed on the merits") (citation omitted); *Gardner v. Swedish Match N. Am., Inc.,* No. 2:04-cv-337, 2006 U.S. Dist. LEXIS 44680, at *8, 2006 WL 1468944 (S.D. Miss. Apr. 17, 2006) ("The plaintiff is not entitled to Rule 56(f) discovery in the context of a motion to dismiss because the motion to dismiss is limited solely to testing the sufficiency of the allegations of the complaint while the summary judgment motion tests the actual merits of the case in determining whether a genuine issue of material fact is present."); *Sides v. Carfax*, No. 1:13-cv-11, 2013 WL 6626937, at *1 (N.D. Miss. Dec. 16, 2013) (denying plaintiff's motion to delay consideration of defendant's motion to dismiss because there had been no discovery in the case). Thus, the Court was not required to allow the parties to engage in discovery prior to ruling on the motion to dismiss.[4]

Moreover, Plaintiff's argument that discovery was essential to determine the qualified immunity defense lacks merit. According to the Fifth Circuit, a district court may defer ruling on a qualified immunity defense "if further factual development is necessary to ascertain the availability of that defense." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). "[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that

---

[4] In responding to Defendants' motion to dismiss, Plaintiff did not explicitly request that the Court allow discovery before ruling on the motion. Instead, Plaintiff argued that the motion was premature. *See* Pl.'s Response [10] at 2 ("Finally, Plaintiff would submit to the Court that Defendant Woods' *Motion to Dismiss* is premature as discovery has not been conducted in relations to her defense of qualified immunity against the claims under 42 U.S.C. § 1981 and 1983.") (emphasis in original).

9

defeat a qualified immunity defense with equal specificity." *Id*. Only after the court finds that the plaintiff has done so and the court remains "unable to rule on the immunity defense without further clarification of the facts" may it order discovery "'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Id*. (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

In this case, the Court did not need additional evidence or further clarification of the facts to rule on the qualified immunity defense. Indeed, the Court determined that Plaintiff failed to state a claim under § 1983 and that she abandoned her claim under § 1981. *See* Order [20] at 14-15. Because Plaintiff failed to allege violation of a constitutional right, she could not overcome the qualified immunity defense.[5] Discovery was therefore unnecessary, and Plaintiff's request for reconsideration on this ground is denied.

### E

As her final ground for reconsideration, Plaintiff argues that use of the term "monkey" is intentionally discriminatory and supports her claim for violation of the Equal Protection Clause. She argues that the Court's ruling "calls into question whether the use of the term 'monkey' is intentionally, racially discriminatory." Pl.'s Mem. Brief [27] at 16. Plaintiff contends that Woods' reference to a black woman as a "monkey" indicates discriminatory intent and shows that she classified between two or more groups. Plaintiff argues that the Court erred in dismissing her equal protection claim because she pleaded sufficient facts to show that Woods violated the Equal Protection Clause.

Despite Plaintiff's argument, the Court never called into question whether the term "monkey" is an intentionally discriminatory term. The Court did not make any finding as to

---

[5] *See Linbrugger v. Abercia*, 363 F.3d 537, 540 (5th Cir. 2004) ("If no constitutional right has been violated, the inquiry ends and the defendants are entitled to qualified immunity.") (citation omitted).

whether the term is "racially offensive," although it is couched as such by Plaintiff. With regard to the equal protection claim, the Court stated that:

> In the complaint, Plaintiff does not allege that Woods singled out a particular group for disparate treatment or that she selected a course of action for the purpose of causing an adverse effect on a particular group. Rather, Plaintiff alleges that Woods made a "racially offensive" comment regarding a client and that Woods possibly was involved in initiating the review of Plaintiff's employment applications…. Nowhere in the complaint is it alleged that Woods classified or distinguished between two or more groups. From the complaint, it appears that any alleged inappropriate remarks and/or discriminatory conduct taken by Woods was directed towards Plaintiff and not a singled out group. Because Plaintiff fails to identify "two or more relevant groups or persons" that Woods classified and/or treated differently, she has not stated a valid claim for violation of the Equal Protection Clause.

Order [20] at 13-14 (internal footnotes and citations omitted).

To state a claim under the Equal Protection Clause, a § 1983 plaintiff "must allege and prove that [she] received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Bowlby*, 681 F.3d at 227 (internal citations and quotation marks omitted). Here, Plaintiff alleges that she is an African American, was qualified for her position with MSDM, "was terminated by Defendants and replaced by white/Caucasian employees." Compl. [1] at 5. These allegations, however, are insufficient to state a claim for violation of the Equal Protection Clause. *See Bowlby,* 681 F.3d at 227 (stating that allegations in complaint were insufficient to state an equal protection claim). Plaintiff does not assert that Woods treated her differently from or less favorably than similarly situated individuals outside her protected group. *See Rolf v. City of San Antonio,* 77 F.3d 823, 828 (5th Cir. 1996) (equal protection inquiry is triggered only "if the challenged government action classifies or distinguishes between two or more relevant groups") (citation omitted). Indeed, the pleadings and exhibits attached thereto are devoid of allegations regarding the treatment of similarly situated individuals. In her motion, Plaintiff does not point to any

11

allegations in the complaint that sufficiently show classification between two or more persons or groups.[6] As such, she does not show that the Court erred in finding that she failed to state a valid equal protection claim. Reconsideration is not warranted.

## III

In light of the above analysis, the Court finds that Plaintiff fails to establish adequate grounds for reconsideration. Accordingly, the motions for reconsideration are DENIED.

SO ORDERED, this the 25th day of November 2014.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] Plaintiff argues in support of her motion that:

> Plaintiff would point out to the Court that, contrary to its finding, Plaintiff alleged in her Complaint that the remark was made against Plaintiff's client, a Black woman, and the adverse action resulting from the remark was taken against Plaintiff; resulting in a classification of two or more persons. Thus, this Court was in error to conclude that the discriminatory remark was only directed towards Plaintiff.

Pl.'s Mem. Brief [27] at 18 (internal footnote omitted). Plaintiff does not allege that Woods classified <u>between</u> two persons or groups. As such, this argument does not support a claim for violation of the Equal Protection Clause.