IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SAMANTHA BRYANT                                                              PLAINTIFF

V.                                                             NO. 4:13-CV-123-DMB-RP

MISSISSIPPI DIVISION OF MEDICAID
and DEBORAH CARTER WOODS
in her individual capacity                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is Mississippi Division of Medicaid's motion for summary judgment filed October 14, 2016. Doc. #53. Earlier, on July 29, 2014, this Court dismissed all claims by Samantha Bryant against the individual defendant in this case, Deborah Carter Woods.[1] In the instant motion, Medicaid asserts that Bryant's remaining claims are barred by judicial estoppel. Because the Court finds that Bryant failed to disclose her claims against Medicaid in her bankruptcy case and that such failure was not inadvertent, summary judgment will be granted.

**I**
**Background**

On June 20, 2012, Bryant filed an EEOC complaint alleging unlawful racial discrimination in the termination of her employment with Medicaid. Doc. #53-1 at 12. Subsequently, on February 28, 2013, Bryant filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Northern District of Mississippi. Doc. #53-2 at 2.

In her bankruptcy proceedings, Bryant failed to disclose her then-pending EEOC complaint on her "Schedule B – Personal Property" by indicating "none" in response to the question seeking disclosure of "contingent and liquidated claims of every nature."[2] *Id.* at 11. Additionally, in her

---

[1] *See* Doc. #20. The Court subsequently denied Bryant's motion for reconsideration of Woods' dismissal. Doc. #28.

[2] Bryant declared under penalty of perjury that she had read the schedules and that they were "true and correct to the best

"Statement of Financial Affairs" submitted to the Bankruptcy Court the same day as her schedules, Bryant failed to disclose that she was a party to an EEOC proceeding in response to the question requiring disclosure of "all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case."[3] *Id.* at 36.

On April 10, 2013, the EEOC issued Bryant a right-to-sue letter regarding her race discrimination claims against Medicaid. Doc. #53-1 at 13. By order dated June 22, 2013, the Bankruptcy Court confirmed Bryant's bankruptcy plan, ordering that "[a]ll property shall remain property of the estate and shall vest in the debtor only upon dismissal, discharge, or conversion." *In re: Samantha R. Bryant*, No. 13-10778-NPO (Bankr. N.D. Miss. June 22, 2013) (Doc. #20 at 2).[4] On July 10, 2013, Bryant filed the instant action in this Court. Doc. #1. On January 8, 2014, the Bankruptcy Court, finding Bryant's estate fully administered, closed her bankruptcy case. Doc. #53-2 at 53.

## II
## Summary Judgment Standard

"[S]ummary judgment is appropriate only 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Haverda v. Hays Cty.*, 723 F.3d 586, 591 (5th Cir. 2013) (quoting Fed. R. Civ. P. 56(a)). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see* Fed. R. Civ. P. 56(c)(1) ("A party asserting that a fact cannot be … genuinely disputed must support

---

of [her] knowledge, information, and belief." Doc. #53-2 at 34.

[3] Bryant declared under penalty of perjury that she had read the answers in her statement of financial affairs and that they were "true and correct." Doc. #53-2 at 42.

[4] This Court may take judicial notice of another court's "judicial action." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 407 n.7 (5th Cir. 2004).

the assertion by … citing to particular parts of materials in the record ….").  "Once the moving party has carried its summary judgment burden, the opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings." *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000). In considering a summary judgment motion, the Court must "consider all facts and evidence in the light most favorable to the nonmoving party." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (quoting *Haverda*, 723 F.3d at 591).

### III
### Judicial Estoppel

Judicial estoppel is an equitable affirmative defense.[5] *Reed v. City of Arlington*, 650 F.3d 571, 576 (5th Cir. 2011) (en banc). "A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

Bryant's claims in this action are plainly inconsistent with her prior position in her bankruptcy proceedings. *See id.* at 600 ("Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."). And, the Bankruptcy Court accepted such inconsistent position by Bryant when it confirmed Bryant's bankruptcy plan. *See id.* ("[The bankruptcy] court certainly confirmed Jethroe's plan at least in part based on its assessment of her assets and liabilities."). In

---

[5] Medicaid did not raise the defense of judicial estoppel in its answer. However, because Bryant has not argued any prejudice from Medicaid's omission, and because Medicaid represents without dispute that it learned of Bryant's bankruptcy filing during her deposition, Doc. #54 at 3, the defense is preserved for the purpose of this summary judgment motion. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 562 (5th Cir. 1998) ("McConathy does not argue that she was prejudiced by Dr. Pepper's failure to formally plead judicial estoppel in its answer, and we do not believe that such prejudice occurred. Therefore, the district court did not err in applying the doctrine of judicial estoppel as the basis for … summary judgment.").

this regard, Bryant correctly concedes that Medicaid has shown the judicial estoppel elements of inconsistent position and judicial acceptance of that position. *See* Doc. #55 at 3 ("The first two elements regarding judicial estoppel are not disputed."). But, Bryant argues that Medicaid has failed to demonstrate the final element—that she did not act inadvertently.

"It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 207–08 (5th Cir. 1999)). "Chapter 13 debtors have a continuing obligation to disclose post-petition causes of action" before confirmation. *In re Flugence*, 738 F.3d 126, 129 (5th Cir. 2013). "[I]n considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (quoting *Coastal Plains*, 179 F.3d at 210).

Regarding the disclosure of a legal claim, lack of knowledge requires the party to be "unaware of the facts giving rise to [the claim]" at the time the party had an obligation to disclose claims. *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 573 (5th Cir. 2015) (quoting *In re Flugence*, 738 F.3d at 130). Here, Bryant filed an EEOC charge of discrimination based on the facts giving rise to this action in June 2012, and she received her right-to-sue-letter based on such charge in April 2013. Given this, there can be no dispute that Bryant knew of the facts giving rise to the claim underlying this action before the Bankruptcy Court confirmed her bankruptcy plan in June 2013 (and before her bankruptcy case was closed in January 2014).

"A motivation to conceal may be shown by evidence of a potential financial benefit that could result from concealment." *U.S. ex rel. Long v. GSDMidea City, L.L.C.*, 798 F.3d 265, 273 (5th

4

Cir. 2013). A party "almost always" has the requisite motive if she "fails to disclose a claim or possible claim to the bankruptcy court' because the 'potential financial benefit resulting from the nondisclosure makes the motivation … self-evident." *Allen*, 813 F.3d at 573–74 (quoting *Love*, 677 F.3d at 262) (internal quotation marks omitted). Accordingly, as a general rule, "a motive to conceal legal claims subsists in all bankruptcy cases in which a concealed legal claim would, if disclosed, form part of the bankruptcy estate and the debtor is aware of the claim's monetary value …." *Cargo v. Kan. City S. Ry. Co.*, 408 B.R. 631, 638 (W.D. La. 2009).

Bryant's bankruptcy plan required her to pay less than the full amount of her unsecured debt over the five-year course of the plan.[6] *In re: Samantha R. Bryant*, No. 13-10778-NPO (Bankr. N.D. Miss. June 22, 2013) (Doc. #20). Had the Bankruptcy Court administered the estate's interest in Bryant's undisclosed claim (which she valued at $850,000),[7] the amount due to her unsecured creditors under the plan could have been greater. Moreover, had Bryant disclosed the claim in her bankruptcy petition, her creditors would have learned of it, possibly triggering objections to the bankruptcy plan or increased collection efforts after dismissal of her bankruptcy case. Under these circumstances, the Court finds that Bryant's failure to disclose her discrimination claim in her bankruptcy proceedings was not inadvertent; rather, during the pendency of her bankruptcy proceedings, Bryant "had motive to conceal, because her claim, if disclosed, would [have been] available to the creditors." *In re Flugence*, 738 F.3d at 131.

Bryant's arguments in opposition are unpersuasive. Bryant first argues that she had no motive to conceal her claim because she filed for Chapter 13 bankruptcy and stated in her bankruptcy petition that funds would be available to pay unsecured creditors. Doc. #55 at 3–4. To the contrary, the general presumption that motive exists for a party to conceal an undisclosed claim

---

[6] Bryant was required to pay $237 monthly for sixty months despite $45,378.62 in unsecured debts.

[7] *See* Doc. #1.

5

or potential claim applies with equal force to a Chapter 13 bankruptcy case. *See Allen*, 813 F.3d at 574 n.6 ("[T]his court has not modified its analysis of judicial estoppel when considering previous appeals involving Chapter 13 debtors."). Further, Bryant does not explain how her statement in her petition that funds would be available for unsecured creditors means that she had no motive to conceal an asset she valued at $850,000. Finally, motive may exist for a party to conceal an undisclosed claim even where the bankruptcy court confirms a plan requiring "100% repayment of the principal of … debts." *U.S. ex rel. Long*, 798 F.3d at 269.

Next, relying on her affidavit, Bryant argues that she "had no motive, intent or need to hide her potential claim" because she was "simply unaware that [her] claim should be listed" in her bankruptcy petition. Doc. #55 at 1–2 (citing Doc. #55-1). Yet, "[a claimant's] lack of awareness of [a] statutory disclosure duty for its [legal claims] is not relevant" to the inadvertence inquiry.[8] *Jethroe*, 412 F.3d at 601 & n.4 (quoting *Coastal Plains*, 179 F.3d at 212). For the same reason, Bryant's conclusory assertion in her affidavit that she had no motive to conceal carries no weight. *Id.*; *see Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) ("[C]onclusory assertions cannot be used in an affidavit on summary judgment.").

Finally, Bryant argues that she "received no incentive from the omission." Doc. #55 at 2; Doc. #55-1 at ¶ 9 ("There was no benefit to me for my inadvertently not listing this claim on my bankruptcy petition."). To the extent Bryant contends there was no reason for her to omit her discrimination claim, the argument is rejected for the reasons above. To the extent she argues judicial estoppel is inappropriate because she received no benefit from the omission, such argument

---

[8] Such is not relevant even when claiming reliance on a bankruptcy attorney's advice. *Jethroe*, 412 F.3d at 601 & n.4. In her affidavit, though not mentioned in her brief, Bryant seems to place the blame for her disclosure failures on her attorney. *See, e.g.*, Doc. #55-1 at ¶ 6 ("I … was not informed by my attorney that matters … should be listed under section four (4) of the financial affairs section."); *id.* at ¶ 5 ("I provided all the information to my attorney that was requested of me."). However, such does not excuse Bryant's disclosure failures, particularly when she declared under penalty of perjury that her schedules and statement of financial affairs, which she had read, were correct. Doc. #53-2 at 34, 42.

must also be rejected. First, it is clear Bryant did receive a benefit in the form of a delayed payment plan and a reduction in payments on unsecured debts. Furthermore, even if she received no benefit, inadvertence does not depend on "whether a party would enjoy an unfair advantage or suffer an unfair detriment if judicial estoppel were not applied." *Love*, 677 F.3d at 265. In sum, none of Bryant's arguments defeat summary judgment.

## IV
## Conclusion

For the reasons above, Medicaid's motion for summary judgment [53] is **GRANTED** and this action is **DISMISSED**. A separate final judgment will be issued accordingly.

**SO ORDERED**, this 22nd day of February, 2017.

/s/ **Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**